UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH HOLLAND,

                      Plaintiff,

    v.

CITY OF SEATTLE, *et al.*,

                      Defendants.

Case No. C17-0170-RSM-MAT

ORDER DECLINING TO SERVE AMENDED COMPLAINT AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter is currently before the Court for screening of plaintiff's amended complaint which was received on May 30, 2017. (Dkt. 11.) This Court, having reviewed plaintiff's amended pleading, hereby finds and ORDERS as follows:

(1) Plaintiff Joseph Holland is currently confined at the King County Jail ("the Jail") in Seattle, Washington. He alleges in his amended complaint that his federal constitutional rights were violated by three corrections officers at the Jail in November 2016. (Dkt. 11 at 2.) Plaintiff's claims arise out of an incident in which his hand was injured after being caught in a door at the Jail. Specifically, plaintiff appears to allege that Corrections Officer ("C/O") Bush intentionally shut plaintiff's hand in the door, delayed seeking medical care for plaintiff, and made up lies

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 1

concerning the incident. (Dkt. 11 at 2.) Plaintiff also claims that he overheard a conversation between C/O Bush and C/O James in which they were discussing whether the nurse evaluating plaintiff's hand injury could be convinced to say that plaintiff was injured in a fight. (*Id*.)

Plaintiff identifies King County/King County Jail, C/O Bush, C/O James, and C/O Fridge as defendants in his amended complaint, and he seeks $250,000 in damages. (*Id*. at 1, 3.) While plaintiff's amended complaint arguably corrects some of the deficiencies previously identified by the Court in its Order declining to serve plaintiff's original complaint (*see* Dkt. 7), deficiencies remain which must be corrected before this action may proceed.

As plaintiff was previously advised, in order to sustain a civil rights action a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989). A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 2

identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

The Court first notes that plaintiff's amended pleading is missing the first page which should contain a caption identifying the parties, the case number, and other basic information. As to plaintiff's statement of claim, plaintiff identifies the First, Fourth, Eighth and Fourteenth Amendments as the constitutional provisions implicated by the defendants' conduct. However, plaintiff alleges no facts to support any claim under the First, Fourth or Eighth Amendments. Plaintiff has, at most, asserted a potentially viable Fourteenth Amendment claim against C/O Bush for intentionally slamming plaintiff's hand in a door and causing injury. Plaintiff alleges no facts at all pertaining to the conduct of C/O Fridge. And, while plaintiff alleges that C/O James had a conversation with C/O Bush about how to potentially explain plaintiff's injury, this allegation, by itself, is insufficient to implicate federal constitutional concerns. Finally, the Court notes that plaintiff has not identified any custom or policy of King County which caused him harm and, thus, he has not adequately alleged a cause of action against the County itself.[1] In sum, plaintiff has arguably alleged sufficient facts to proceed against C/O Bush, but not against any of the other defendants named in the amended complaint. However, the Court will not permit plaintiff to proceed against C/O Bust until he presents the Court with a pleading containing all necessary pages. Since an amended pleading will be required if plaintiff wishes to proceed against

---

[1] It is unclear from the second amended complaint whether plaintiff intended to name the King County Jail as an independent defendant in this action. Plaintiff is advised, however, that the Jail is an entity of King County and, as such, is not a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued").

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 3

C/O Bush, he may take this opportunity to correct the deficiencies relating to the other named defendants should he desire to do so.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff may file a second amended complaint curing the above noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed. The second amended complaint must carry the same case number as this one. If no second amended complaint is timely filed, the Court will recommend that this action be dismissed for failure to prosecute and for failure to state a claim upon which relief may be granted.

Plaintiff is once again advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, any second amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

(2) The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended complaint. The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 26th day of June, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE SECOND AMENDED COMPLAINT - 4